UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIRESTAR INTERNATIONAL PVT. LTD., FIRESTAR DIAMOND INTERNATIONAL PVT. LTD., and CORPORATION BANK,<br><br>Defendants. | Adv. Proc. No. 18-_____ (SHL) |

## ADVERSARY COMPLAINT

Richard Levin, Chapter 11 Trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**") hereby states for his complaint as follows:

## NATURE OF THE ACTION

1. The Trustee brings this adversary proceeding on behalf of the bankruptcy estate of Firestar Diamond, Inc. ("**Firestar**") against Firestar International Pvt., Ltd. ("**FIP**"), Firestar Diamond International Pvt., Ltd. ("**FDIP**"), and Corporation Bank as custodian for FIP and FDIP (collectively, the "**Defendants**"). The Trustee seeks entry of an order (i) avoiding any security interest the Defendants possess in inventory or proceeds held by the Debtors, (ii) preserving any

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

avoided security interest for the benefit of Firestar's estate; and (iii) granting such further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) because this is an adversary proceeding arising in and related to the Debtors' jointly administered chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.

## THE PARTIES

6. Plaintiff Richard Levin is the chapter 11 trustee for the Debtors, duly appointed under section 1104(a) of the Bankruptcy Code by the United States Trustee for this region on June 14, 2018.

7. Debtor Firestar, a debtor in the above-captioned chapter 11 cases, is a Delaware corporation having its principal place of business in New York, New York.

8. Defendant FIP is the ultimate parent entity of the Debtors and one of the Debtors' principal suppliers. Upon information and belief, it is incorporated in India.

9. Defendant FDIP is an affiliate entity that operated factories in India for the Firestar enterprise, and is one of the Debtors' principal suppliers. Upon information and belief, it is incorporated in India.

10. Defendant Corporation Bank is a bank registered in India and custodian for FIP and FDIP.

## BACKGROUND

11. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. On June 14, 2018, the Court entered an order approving the appointment of the Trustee. [Dkt. 227.]

12. Before the Petition Date, Firestar conducted business as a wholesaler of fine jewelry. The Trustee is now managing Firestar's estate to maximize recoveries for Firestar's creditors.

13. Firestar was not generally known by its creditors to be substantially engaged in selling the goods of others.

14. Also before the Petition Date, FIP and FDIP delivered shipments of jewelry to Firestar on a consignment basis (the "**Consignment Inventory**"). In January 2018, FIP delivered three shipments of Consignment Inventory to Firestar (the "**January Consignment Inventory**"). Copies of the invoices for the January Consignment Inventory are attached as Exhibit 1. The aggregate consignment price for each shipment was $579,977.65 (*see* invoice dated January 10, 2018), $2,132,685.50 (*see* invoice dated January 16, 2018), and $1,103,393.08 (*see* invoice dated January 19, 2018), respectively.

15. Shortly after his appointment, the Trustee conducted a public records search for all security interests asserted against Firestar's property. The public records identified no UCC-1 financing statements filed by the Defendants. [*See* Dkt. 596.]

16. On November 29, 2018, the Trustee filed his *Motion for Order Authorizing the Trustee to Sell Certain Consignment Inventory and to Escrow Proceeds Thereof* ("**Consignment Sale Motion**")

[Dkt. 610]. Under the Consignment Sale Motion, the Trustee sought authority to sell the January Consignment Inventory, the proceeds of which would be placed in escrow pending a determination of the validity, priority, or extent of FIP's security interests in such proceeds. A hearing on the Consignment Sale Motion was held on December 20, 2018, and the Court entered an order granting the Consignment Sale Motion on December 21, 2018. [Dkt. 645.]

17. On November 30, 2018, the Trustee's claims agent received a proof of claim ("**Proof of Claim**") [Claim Dkt. 50] filed by Corporation Bank as custodian for FIP and FDIP in the amount of $5,546,254,00. A copy of the Proof of Claim is attached as Exhibit 2.[2] The Proof of Claim attaches a number of bills of exchange, invoices, and shipping documents and asserts that the claim is fully secured based on these attachments. The Proof of Claim attached invoices for two of the three shipments subject to the Consignment Sale Motion: the shipments totaling $579,977.65 and $2,132,685.50 (not the shipment totaling $1,103,393.08).

18. The Proof of Claim does not attach, nor does it purport to attach, any consignment agreement or financing statement showing a perfected security interest in the Consignment Inventory.

19. The Trustee has been unable to locate, and the Defendants have not provided, any documentation supporting a claim of a perfected security interest in the Consignment Inventory.

COUNT I

**Avoidance Of Defendants' Asserted Security Interests Under Section 544(a) Of The Bankruptcy Code**

20. The Trustee repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 19.

---

[2] The Trustee's claims agent received an identical proof of claim filed by Corporation Bank on December 12, 2018. [Claim Dkt. 63.]

21. This claim for relief arises under section 544(a) of the Bankruptcy Code, which provides that "[t]he Trustee shall have . . . the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor" that is voidable by a creditor, whether or not such creditor exists, that obtains "a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien."  11 U.S.C. § 544(a)(1).

22. Under New York law, an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor before the security interest is perfected.  N.Y. UCC § 9-317(a)(2).

23. The Defendants' purported security interests in the Consignment Inventory were not perfected.  They filed no UCC-1 financing statement concerning the Consignment Inventory and identified no authenticated notification that would put competing creditors on notice of a consignment relationship between the Defendants and the Debtors that would preclude creditors from claiming a superior interest in the Consignment Inventory.

24. Because the Defendants have no perfected security interest in the Consignment Inventory, a real or hypothetical judicial lien creditor of the Debtors on its petition date would have a superior interest to that of the Defendants in the Consignment Inventory and its proceeds.

25. Consequently, the Trustee may avoid any purported lien held by the Defendants against the Consignment Inventory pursuant to section 544(a)(1) of the Bankruptcy Code and section 9-317(a) of the New York Uniform Commercial Code.

## COUNT II

**Preservation of Defendants' Avoided Security Interests Under Section 551 Of The Bankruptcy Code**

26. The Trustee repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 25.

27.     Bankruptcy Code Section 551 provides that any transfer avoided under section 544 "is preserved for the benefit of the estate." 11 U.S.C. § 551.

28.     Thus, by operation of law, any security interests avoided in the Consignment Inventory in this action are preserved for the benefit of the Firestar estate.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff, as chapter 11 trustee of Firestar, and against Defendants as follows:

A. Avoiding any and all security interests in the Consignment Inventory asserted by the Defendants under section 544(a)(1) of the Bankruptcy Code.

B. Preserving any avoided security interests in the Consignment Inventory for the benefit of Firestar's estate under section 551 of the Bankruptcy Code.

C. Granting the Trustee such further relief as the Court deems just and proper.

Dated: January 11, 2018,
New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

6